## 52329. POPE v. SCROGGS.

PANNELL, Presiding Judge.

Plaintiff and her husband purchased a mobile home from defendant, which, when delivered by the defendant's employees, rapidly developed leaks, etc., damaging the interior and furnishings primarily as a result of damage sustained in the process of delivery, although there was evidence the mobile home had a leak in it before the sale. Numerous efforts were made by the defendant and his repairman to correct the damage, but the leaks, etc., continued until defendant ordered a new mobile home to replace the one delivered, which arrived on his lot. The plaintiff's husband was accidentally shot and killed and credit insurance paid off the balance of the purchase price

of the defective mobile home. At this point, defendant seemingly lost interest in repairing the old mobile home and sold the new one to another person. Plaintiff brought an action in her own name seeking to recover damages arising out of the transaction. Various defenses were set up, but the parties, prior to trial, stipulated the case was to be submitted to the trial judge without a jury on the sole question of damages. The purchase price of the mobile home was $5,995. There was evidence that the mobile home in its condition after the damage was practically worthless. There was evidence that the plaintiff purchased new curtains for $259.19, new furniture for $937.82 all to replace articles damaged by the leaks. There was evidence that in order to stop leaks around the windows, she built a porch at a cost of $350. The trial judge found in favor of the plaintiff the sum of $3,995 and $1,280 attorney fees, based upon his finding that the defendant had been stubbornly litigious. The defendant in this court seeks to argue various defenses which go to the question of liability. He enumerates error on his appeal to this court: (1) error in permitting a witness to answer a hypothetical question as to the value of the mobile home after the damage was done, and (2) in not restricting the measure of damages to diminution in value and in admitting testimony and allowing recovery for breach of warranty, (3) in allowing the appellee to recover in her individual capacity for damages on property which appellee did not own at the time said damage was done, and (4) in failing to grant appellant's motions for directed verdict. *Held:*

1. Enumerations of error 3 and 4, which relate to the question of liability, will not be considered in view of the stipulation of counsel submitting the case to the jury solely on the question of damages.

2. The admission of the answer to the hypothetical question by a witness as to the mobile home being worthless after the damage was done was based upon the contention that the facts assumed in the hypothetical question had not been proven and particularly the fact that the mobile home had been dropped while being transported. There was evidence that it was not dropped but that the trailer hauling the mobile home ran off in a ditch and in the process of jacking up the trailer to get it

out of the ditch, together with the running into the ditch caused the mobile home to be twisted causing damage and leaks. We are of the opinion that in view of the facts relating to the occurrence and that the opinion was based on the damage done rather than how it occurred, and that there is a very minor distinction between the mobile home being dropped and the trailer carrying it running into a ditch, there was no error in the submission of the question and the answer thereto.

3. There was evidence, admitted without objection, that the mobile home bore a one-year's service warranty. The trial court, therefore, did not err in basing the recovery on breach of warranty (failure to repair), as well as for the negligent damages done to the mobile home during the process of delivery. The damages found were well within the range of the evidence, and the trial judge, under the evidence, was not restricted solely to the diminution in market value of the mobile home. There was evidence of other damage to the furniture and furnishings.

4. The motion to assess damages on the grounds the appeal was for the purpose of delay only under Code § 6-1801, is denied.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 25, 1976.

*Smith & Allgood, Douglas E. Smith,* for appellant.
*Douglas W. McDonald,* for appellee.