54587. FORD MOTOR COMPANY v. HOOKS.

McMURRAY, Judge.

This case involves express and implied warranties of merchantability with reference to a Ford truck purchased from the dealer and manufactured by Ford Motor Company. The purchase price was $11,996.60, delivered without a body. Almost immediately the truck was returned within the warranty period to the selling dealer for correction of defects with reference to unusual vibrations when driven which made it allegedly undrivable. It was returned on many, many occasions thereafter for the purpose of inspection and repair, and yet the vehicle was allegedly never repaired or rendered serviceable for the purposes intended.

The owner became very dissatisfied with the truck and communicated this to the various personnel of the

defendants. Receiving no satisfaction for same, he finally sued the dealer and the manufacturer in four counts for breach of the express and implied warranties of merchantability seeking judgment against the defendants jointly in the amount of $25,000, the direct result of the defendants' breach of contract as to warranty. The case came on for trial resulting in a verdict for plaintiff for $12,000. Defendant manufacturer moved for new trial basing same on general and special grounds with reference to the sufficiency of the evidence, the cross examination of an alleged witness-agent of the defendant dealer corporation, the allowance of certain evidence over objection, the denial of a motion for directed verdict at the conclusion of plaintiff's case, the failure to strike the implied warranty count of the complaint, denial of a motion for mistrial with reference to certain statements of plaintiff's counsel and alleged errors of the court in charging the jury. The motion was denied, and defendant manufacturer appeals. *Held:*

By brief, counsel for defendant has filed a three page argument combining all the enumerations of error. Rule 18 as to structure and content (Code Ann. § 24-3618) has not been followed. In Part 1, it does not contain a succinct and accurate statement of such pleadings, facts and issues of law as are made in the appeal, although citation of some parts of the record and transcript essential to a consideration of the errors contained in the enumeration of error has been given. The sequence of argument, if it can be said that errors other than the sufficiency of the evidence have been argued, does not follow the sequence of the enumerations of error; and it is apparent that many of the errors enumerated which are not supported in the brief by citation of authority or argument have been abandoned. *Johnson & Schultz Agents-Brokers v. Overnite Transp. Co.,* 128 Ga. App. 392, 395 (3) (196 SE2d 681); *O'Kelley v. Hayes,* 132 Ga. App. 134, 135 (207 SE2d 641); *McCollum Mfg. Co. v. Dept. of Transp.,* 135 Ga. App. 815 (218 SE2d 926); *O'Neal v. Griffin,* 139 Ga. App. 11 (228 SE2d 18); *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630); *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141).

We deem it sufficient to state that the weight of the

evidence was considered by the jury at the trial and the trial judge in his ruling on the general grounds of the motion for new trial. We do not elect to do as appellant has requested, consider all the numerous errors enumerated and "place the proper value on the many errors enumerated" and order a new trial.

Examination of the transcript here establishes that the truck was returned numerous times for correction of the defects and that numerous repairs were made in an attempt to repair same within the warranty and thereafter, and there was ample evidence to support the verdict finding the damages to the plaintiff in the amount of $12,000, even though this was the approximate purchase price of the vehicle new. The truck was not sold "as is" as was the case in *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435 (208 SE2d 321). The cases of *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512), and *General Motors Corp. v. Jenkins,* 114 Ga. App. 873 (152 SE2d 796), also are not applicable to this case.

The evidence was ample to show the truck had no value at its purchase for the purposes intended, since it totally failed to meet the requirements for which it was purchased. Thereafter, the expense resulting from its use, including trips to pick up drivers, customers, visits to the repair shop, as well as expenses of repairs and the loss of business was ample for the jury to consider awarding the plaintiff the entire value of the truck plus consequential damages resulting to the plaintiff as purchaser. Examination of the entire testimony and exhibits shows same was ample to support the verdict.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED NOVEMBER 10, 1977.

*Congdon & Williams, W. Barry Williams,* for appellant.

*Spivey & Carlton, Robert S. Reeves,* for appellee.