## 58998. PATRON AVIATION, INC. v. TELEDYNE INDUSTRIES, INC. et al.
## 58999. TELEDYNE INDUSTRIES, INC. v. PATRON AVIATION, INC. et al.

CARLEY, Judge.

The facts pertinent to this appeal are as follows: Plaintiff-appellant Patron Aviation (Patron) bought an airplane engine from appellee-defendants Owens and Alred d/b/a L & M Aircraft (L & M). The engine was assembled and shipped to L & M by appellee-Teledyne Continental Motors, Inc. (Teledyne), an Alabama corporation. The engine was installed by L & M in Patron's airplane. It was then discovered that a seal was missing between the generator and the engine causing oil to "squirt out." The missing seal was requested from and sent by Teledyne and attached to the engine. However, during a subsequent flight the engine was subjected to overheating up to a temperature of 300° Centigrade with excessive oil consumption. Appellee-Owens, a certified FAA mechanic, diagnosed the engine problem as resulting from the installation of an incorrect set of piston rings by "quality control" or from the improper installation of the correct set of rings. Teledyne was contacted and sent a representative who observed and advised L & M as to repair. A partial or "top overhaul" of the engine was performed. The evidence adduced at trial was that the plane would be dangerous to fly in the absence of a complete overhaul because running the engine at excessive temperatures could result in damage to the engine which would not appear in a less thorough overhaul. Patron refused to accept the engine with only a "top" overhaul. Despite several contacts with Teledyne concerning the problem, no authorization for a replacement of the engine was forthcoming nor was a more thorough overhaul authorized.

Patron brought suit against Owens and Alred and Teledyne, alleging negligent manufacture of the engine and breach of warranty. The suit was answered and Owens and Alred counterclaimed against Patron for the cost of the engine and other services. The case came on for trial and at the close of the evidence the parties stipulated that any action based on negligence had been abandoned and the case would proceed on breach of warranty only. Teledyne moved for a directed verdict or, in the alternative, for dismissal on the ground of lack of personal jurisdiction. The court denied the former motion and granted the latter. Owens and Alred moved for and were granted a directed verdict on Patron's breach of

warranty claim against them on their counterclaim. In Case No. 58998 Patron appeals from the grant of Teledyne's and Owens' and Alred's respective motions. In Case No. 58999 Teledyne cross appeals from the denial of its motion for directed verdict.

1. We first consider whether jurisdiction over Teledyne existed pursuant to our Long Arm Statute, Code Ann. § 24-113.1. At the close of the evidence the remaining claim against Teledyne, the manufacturer of the engine, was for breach of warranty. *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435 (208 SE2d 321) (1974). In *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145) (1973), it was held that the manufacture and shipment of merchandise covered by a warranty-indemnity by a nonresident defendant for delivery in Georgia placed the merchandise in the stream of Georgia commerce and amounted to "transacting any business" in Georgia under Code Ann. § 24-113.1 (a). The term "transacting any business" as used in the Long Arm Statute is not limited by its definition in Corporation Title of the Code. Cf. *McIntosh v. Mid-State Homes,* 232 Ga. 871 (209 SE2d 203) (1974). "Under [the] Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285) (1973). Contrary to Teledyne's argument, the merit or lack of merit of Patron's breach of warranty claim does not establish or defeat personal jurisdiction. It is not the lack of substantive merit that is addressed in a motion to dismiss for lack of personal jurisdiction. Such a motion addresses itself solely to whether the court has jurisdiction over the person of the defendant so as to enforce its judgment if the plaintiff's claim proves to have substantive merit. Whether plaintiff's claim has merit is properly addressed by a Code Ann. § 81A-112 (b) (6) motion or a motion for a directed verdict. In the present case Teledyne, an out-of-state manufacturer, sent the engine in question in an admittedly defective condition to L & M knowing it would be placed in the stream of Georgia commerce. Teledyne later sent one of its employees here to attempt to rectify the problem. And the engine was accompanied by a warranty intended for delivery to the ultimate consumer, in this case, Patron. We hold these facts sufficient to establish Teledyne was "transacting any business" in Georgia within the meaning of our Long Arm Statute. It was error

to grant the motion to dismiss. *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140, supra.

2. We turn now to the directed verdict granted to Owens and Alred. Patron cites us to no part of the transcript which would support a finding that L & M made any express warranty as to the engine. Apparently they merely advised Patron that in their opinion Teledyne's product was "a more suitable" engine. This is not evidence of an express warranty. Code Ann. § 109A-2—313 (2); cf. *Wilkinson v. Walker,* 143 Ga. App. 838 (240 SE2d 210) (1977).

However, there was evidence that Owens and Alred were "merchants" with respect to airplane engines, Code Ann § 109A-2—104 (1). Therefore, implied warranties under Code Ann. §§ 109A-2—314 and 109A-2—315 arose from the sale of the engine to Patron. We find arguments that Owens and Alred can avoid the implication of such warranty because of the limited express warranty issued by Teledyne, the manufacturer, to be without merit. *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435, 439, supra. Without reciting the evidence at length, suffice it to say that there was testimony which would show that the engine was not fit for the ordinary purposes for which such products are used and that, as the result of that breach of warranty, Patron was damaged. *Ford Motor Co. v. Hooks,* 143 Ga. App. 823 (240 SE2d 205) (1977). There is no evidence that these implied warranties were excluded or modified within the definition of Code Ann. § 109A-2—316. The trial court erred in directing a verdict in favor of Owens and Alred as to the warranty claim and as to their counterclaim against Patron for the full cost of the engine. *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175 (233 SE2d 33) (1977). Compare *Vance v. Miller-Taylor Shoe Co.,* 147 Ga. App. 812 (251 SE2d 52) (1978).

3. We now turn to Case No. 58999, the cross appeal. The warranty issued by Teledyne is in writing and fully complies with the requirements of Code Ann. § 109A-2—316 (2), excluding implied warranties, and Code Ann. § 109A-2—316 (4), excluding recovery for incidental and consequential damages. Therefore, Teledyne is liable, if at all, for breach of its express but limited warranty. *General Motors Corp. v. Halco Instruments,* 124 Ga. App. 630 (185 SE2d 619) (1971).

The limited warranty here sued on provided in pertinent part: "The obligation of Teledyne Continental Motors under this warranty is limited to at its option repairing or replacing on an exchange basis any engine or part which within the six (6) month warranty period is returned to a Teledyne . . . Distributor authorized to handle the engine covered by this warranty and

which upon examination is found to the satisfaction of Teledyne . . . to be defective in material or workmanship. Teledyne . . . will pay for reasonable labor costs associated with repairs or replacements under this warranty when coordinated through a Teledyne . . . Distributor." In order to recover on this warranty Patron had to demonstrate that (1) it had been breached and (2) that it had sustained recoverable damages as the proximate result. *Fender v. Colonial Stores,* 138 Ga. App. 31, 32 (225 SE2d 691) (1976). There was in the instant case evidence which would authorize the jury to find that Teledyne had breached this warranty by authorizing only a "top" overhaul and by refusing to authorize a major "overhaul" repair, without which the plane would be dangerous to fly. *Pope v. Scroggs,* 139 Ga. App. 169, 171 (3) (227 SE2d 925) (1976). Teledyne urges that there was no evidence of a "defect," that the excessive oil usage was repaired during the "top" overhaul and that there was no breach of warranty. However, Patron's claim is for a breach of a warranty *to repair.* "While a breach of warranty generally occurs upon delivery of the goods regardless of the time of discovery of the breach . . . where there is an agreement to repair or replace, the warranty is not breached until there is a refusal or failure to repair. '[I]t is the *refusal to remedy* within a reasonable time, or a *lack of success* in the attempts to remedy which would constitute a breach of warranty.' [Cits.]" *Space Leasing Assoc. v. Atlantic Bldg. Systems,* 144 Ga. App. 320, 325 (241 SE2d 438) (1977). Arguments that Teledyne had satisfied its warranty obligations by the "top" overhaul are unpersuasive. Patron's claim is that Teledyne breached the warranty to repair or replace *the engine.* Teledyne's warranty was not limited, as it might have been under Code Ann. § 109A-2—719, solely to repairing and replacing nonconforming *parts.* And while there is evidence which Teledyne urges demonstrates that the need for a major "overhaul" to restore the serviceability of the engine resulted from Patron's negligence in using the plane after becoming aware of its excessive oil consumption, the evidence does not demand such a finding; the evidence also would authorize a finding that the need for a major overhaul was the proximate result of Teledyne's defective workmanship. There was also evidence as to the purchase price of the engine and its value without the major overhaul. This was sufficient evidence of the measure of damage for Teledyne's breach of the limited warranty of repair. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 552 (2) (181 SE2d 694) (1971). This measure of damages for the breach of the warranty to repair is not in contravention of the warranty's exclusion of incidental or consequential damages. See

Code Ann. § 109A-2—715. For the above stated reasons, it was not error to deny Teledyne's motion for directed verdict. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, supra.

*Judgment reversed in Case No. 58998; affirmed in Case No. 58999. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED FEBRUARY 29, 1980 —
REHEARING DENIED MARCH 18, 1980 IN CASE NO. 58999 —

*C. Ronald Patton,* for appellant (Case No. 58998).
*Robert M. Brinson, Harold N. Wollstein,* for appellees.
*Robert M. Brinson,* for appellant (Case No. 58999).
*C. Ronald Patton, Harold N. Wollstein,* for appellees.