### 63505. TELEDYNE INDUSTRIES, INC. v. PATRON AVIATION, INC.

DEEN, Presiding Judge.

This action arose when appellee Patron Aviation, Inc. (Patron) brought suit against Larry Owens and Melvin Alred, d/b/a L & M Aircraft (L & M) and appellant Teledyne Industries, Inc. (Teledyne). The complaint, alleging breach of warranty and negligent manufacture of an airplane engine "newly rebuilt" and shipped to L & M by Teledyne and installed by L & M in Patron's airplane, sought damages for loss in value and use of the engine. At trial by stipulation

of the parties the case proceeded on the breach of warranty count only; Teledyne was granted a directed verdict and L & M was granted a directed verdict on its counterclaim against Patron. This court affirmed the directed verdict in L & M's favor but reversed as to Teledyne, holding that there was sufficient evidence to authorize the jury to find against Teledyne. *Patron Aviation v. Teledyne Industries,* 154 Ga. App. 13 (267 SE2d 274) (1980). Upon retrial the jury returned a verdict for Patron against Teledyne for $8,000, and also awarded L & M $8,000 on its counterclaim against Patron. A complete statement of facts is set forth in the prior appeal.

1. Patron's position that this appeal should be dismissed because the transcript was not timely filed is without merit. Code Ann. § 6-809 (b); *Gilland v. Leathers,* 141 Ga. App. 680 (234 SE2d 338) (1977); *Corbin v. First National Bank,* 151 Ga. App. 33 (1) (258 SE2d 697) (1979).

2. The trial court did not err in overruling Teledyne's motions for directed verdict and judgment notwithstanding the verdict, nor its motion for new trial on the general grounds, because a verdict was not demanded as a matter of law. Teledyne's argument that there was a total absence of evidence to prove that it breached its warranty to repair or replace the defective engine is simply not supported by the record, and indeed, was also rejected by this court in the first appearance of this case. It is undisputed that Teledyne refused to replace the engine delivered to Patron without a necessary seal and improperly reversed rings, which caused the engine to leak oil excessively in flight and overheat. There was substantial testimony at trial that the "top overhaul" performed by Teledyne to repair these defects was not sufficient and that either a major overhaul or a new engine was required to make the airplane safe for flight. However, Teledyne never offered to adopt either of those solutions, claiming instead that under Code Ann. §§ 109A-2—316 (4) and 109A-2—719, Patron could not reject the engine as repaired and demand repairs or replacement beyond that which, pursuant to its warranty, satisfactorily corrected the known defect.

As previously stated, "The limited warranty here sued on provided in pertinent part: 'The obligation of Teledyne Continental Motors under this warranty is limited to at its option repairing or replacing on an exchange basis any engine or part which within the six (6) month warranty period is returned to a Teledyne . . . Distributor authorized to handle the engine covered by this warranty and which upon examination is found to the satisfaction of Teledyne . . . to be defective in material or workmanship. Teledyne . . . will pay for reasonable labor costs associated with repairs or replacements under this warranty when coordinated through a Teledyne . . . Distributor.'

In order to recover on this warranty Patron had to demonstrate that (1) it had been breached and (2) that it had sustained recoverable damages as the proximate result. *Fender v. Colonial Stores,* 138 Ga. App. 31, 32 (225 SE2d 691) (1976). There was in the instant case evidence which would authorize the jury to find that Teledyne had breached this warranty by authorizing only a 'top' overhaul and by refusing to authorize a major 'overhaul' repair, without which the plane would be dangerous to fly. *Pope v. Scroggs,* 139 Ga. App. 169, 171 (3) (227 SE2d 925) (1976). Teledyne urges that there was no evidence of a 'defect,' that the excessive oil usage was repaired during the 'top' overhaul and that there was no breach of warranty. However, Patron's claim is for a breach of a warranty *to repair.* 'While a breach of warranty generally occurs upon delivery of the goods regardless of the time of discovery of the breach ... where there is an agreement to repair or replace, the warranty is not breached until there is a refusal or failure to repair. "[I]t is the *refusal to remedy* within a reasonable time, or a *lack of success* in the attempts to remedy which would constitute a breach of warranty." (Cits.)' *Space Leasing Assoc. v. Atlantic Bldg. Systems,* 144 Ga. App. 320, 325 (241 SE2d 438) (1977). Arguments that Teledyne had satisfied its warranty obligations by the 'top' overhaul are unpersuasive. Patron's claim is that Teledyne breached the warranty to repair or replace *the engine.* Teledyne's warranty was not limited, as it might have been under Code § 109A-2—719, solely to repairing and replacing nonconforming *parts.* And while there is evidence which Teledyne urges demonstrates that the need for a major 'overhaul' to restore the serviceability of the engine resulted from Patron's negligence in using the plane after becoming aware of its excessive oil consumption, the evidence does not demand such a finding; the evidence also would authorize a finding that the need for a major overhaul was the proximate result of Teledyne's defective workmanship. There was also evidence as to the purchase price of the engine and its value without the major overhaul. This was sufficient evidence of the measure of damage for Teledyne's breach of the limited warranty of repair. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 552 (2) (181 SE2d 694) (1971). This measure of damages for the breach of the warranty to repair is not in contravention of the warranty's exclusion of incidental or consequential damages. See Code Ann. § 109A-2—715. For the above stated reasons, it was not error to deny Teledyne's motion for directed verdict. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, supra." *Patron Aviation v. Teledyne Industries,* supra, at 15-16.

The testimony adduced at the second trial was ample to show that the engine rebuilt and delivered by Teledyne was not fit for the purposes intended and failed to meet the requirements for which it

was purchased. *Ford Motor Co. v. Hooks,* 143 Ga. App. 823 (240 SE2d 205) (1977). The verdict and judgment reflect that the jury awarded Patron an amount in damages from Teledyne equalling the difference in the cost of the "newly rebuilt" engine less a credit obtained for its old block. On its counterclaim against Patron, L & M also recovered $8,000, the value of a "good," "newly rebuilt" engine as was contracted to be installed in Patron's airplane. Thus, with the evidence introduced as to purchase price of the engine and its value without a major overhaul, the damages awarded accurately reflected the losses sustained by both claimants in this litigation.

3. We do not agree with appellant that since the evidence established a rejection of the engine rebuilt by Teledyne on the part of Patron it was mandatory for the trial court to give appellant's requested jury charges on the law of rejection of goods and/or revocation of acceptance of goods. (Code Ann. § 109A-2—602, setting forth the manner and effect of a rightful rejection; Code Ann. § 109A-2—711, providing for the buyer's remedies in general and a security interest in rejected goods.) The court fully instructed the jury as to the determinative contract and warranty principles involved in the case, and the charge was adjusted to the evidence. Therefore, we do not consider it reversible error to fail to charge the precise language of these Uniform Commercial Code provisions outlining rules and recourses for buyers and sellers, and appellant has cited no authority to persuade us otherwise. Accord, *Cochran v. Horner,* 121 Ga. App. 297 (173 SE2d 448) (1970).

4. Appellant enumerates as error the trial court's charging the jury without request and over objection that it could award legal interest from the time of breach of the contract until the time of recovery, as well as incidental and consequential damages which were prohibited by the terms of the warranty. It also complains that while the court instructed the jury that nominal damages could be awarded it failed to clarify the legal meaning of that technical term. However, since the damages recovered were exactly the difference in value between the rebuilt engine and the credit for the old block, the actual award did not exceed the amount the jury was authorized to find, and any error in charging as to the proper measure of damages was harmless and not so prejudicial as to warrant a new trial. *Hall v. Chastain,* 246 Ga. 782 (3) (273 SE2d 12) (1980).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 11, 1982.

*Robert M. Brinson,* for appellant.

*John E. Sawhill III, Harold Wollstein,* for appellee.