**CITY OF CHEYENNE,**
Appellant (Defendant),

v.

**Albert N. SIMPSON and Lucille Simpson,
individually and d/b/a S-H Building
Company, Appellees (Plaintiffs).**

No. 89–10.

Supreme Court of Wyoming.

Feb. 15, 1990.

Alexander K. Davison, Cheyenne, for appellant.

Rhonda Sigrist Woodard of Hanes, Burke & Woodard, P.C., Cheyenne, for appellees.

Before CARDINE, C.J., THOMAS, MACY and GOLDEN, JJ., and HARTMAN, District Judge.

GOLDEN, Justice.

Claiming improper jury instructions, the City of Cheyenne (City) appeals the verdict finding it liable for $61,273 in property damages caused by a city employee's negligent operation of a city motor vehicle during the severe thunderstorm which struck Cheyenne, Wyoming, on August 1, 1985.

We affirm.

The City states these issues:

1. Did the trial court err in submitting this case to the jury with Instructions 8, 13, 14 and 15?

2. Did the trial court abuse it's [sic] discretion and therefore err in not granting Defendant's post-trial motions for Judgment Notwithstanding the Verdict and a New Trial?

3. Was it plain error for the Court to submit this case to the jury with Instruction 8 which adopts the position that the presence of the logo of the City of Cheyenne on a dump truck creates a rebuttable presumption that the driver was within the scope of his duties as defined by W.S. 1–39–103?

Appellees (Simpsons) respond with the following issues:

I. The trial court properly instructed the jury regarding the presumptions which were permissible from the seal on the vehicle which caused damage to appellee's property.

II. The instructions regarding the city ordinances and the effect of violations thereof were proper.

III. The trial court did not abuse its discretion in not granting the City of Cheyenne's motions for judgment notwithstanding the verdict and for a new trial.

IV. There was no plain error by the court in submitting the case to the jury on the instructions.

## FACTS

Albert N. Simpson and his wife Lucille Simpson owned the Deming Building located at the southwest corner of Seventeenth Street and Central Avenue in Cheyenne, Wyoming. On August 1, 1985, a severe thunderstorm struck the city, causing more than two feet of water to accumulate and flow in the downtown streets.[1] That evening a dump truck, bearing the City of Cheyenne emblem on its doors, drove south on Central Avenue, causing a large wave of water to strike and break a ground floor window of the Deming Building. Water flowed through the broken window into the building and damaged property in the building.

On December 31, 1987, the Simpsons sued the City for property damages, alleging that a city employee had negligently operated a city dump truck at the time and place in question. The City answered, generally denying negligence and raising certain affirmative defenses. In the final pre-trial conference order, the trial court required the parties to submit proposed jury instructions at least five days before the trial. Both parties complied.

At trial the Simpsons put on their case-in-chief and then rested. The City moved for a directed verdict, claiming the Simpsons had failed to present evidence identifying the driver of the vehicle bearing the City's emblem, thus failing to present evidence from which the jury could find negligence on the part of the City. The trial court denied that motion. The City called no witnesses and rested.

The trial court held an instructions conference with counsel for the parties, at which it presented a set of jury instructions numbered one through eighteen, including the verdict form. In the course of that conference the City objected to Instructions No. 8, 13, 14, and 15. We will identify those instructions and the City's objections to them in more detail in the analysis section of this opinion.

The jury returned its verdict in favor of the Simpsons. Following entry of the judgment, the City then moved for judgment notwithstanding the verdict or for a new trial. In its motion the City claimed the trial court had erred in giving Instructions No. 8, 9, 13 and 14. The motion was denied; this appeal followed.

## ANALYSIS

### I. *Standard of Review*

This court's approach in reviewing alleged improper jury instructions is well settled. W.R.C.P. 51 states in pertinent part: "No party may assign as error the giving * * *. an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection." *See Goggins v. Harwood*, 704 P.2d 1282, 1288–89 (Wyo.1985), and cases cited therein. "We assume that juries follow their instructions and understand them." *Id.* at 1295 n. 17. A party's objection to an instruction is insufficient if it merely states that the instruction is not complete or an accurate statement of the law. *Condict v. Whitehead, Zunker, et al.*, 743 P.2d 880, 885 (Wyo.1987).

Assuming a party has both timely and distinctly objected at trial so as to preserve the alleged error on appeal, that party must show prejudicial error. The record must show that substantial rights were affected. That means that appellant must show "a reasonable possibility that, in the absence of error, the verdict might have been more favorable" to the appellant. *Condict*, 743 P.2d at 885; W.R.A.P. 7.04. In *Condict* this court considered five factors for measuring the degree of error that will be found prejudicial:

---

**1.** That thunderstorm was described in *Mostert v.*   *CBL & Associates*, 741 P.2d 1090 (Wyo.1987).

(1) The extent to which there is conflict in the evidence on critical issues; (2) whether or not the * * * argument to the jury may have contributed to the instruction's misleading effect; (3) whether or not the jury requested a re-reading of the erroneous instruction or of related evidence; (4) the closeness of the jury's verdict; and (5) the effect of other instructions in curing the error.

*Condict*, at 886 (quoting 1 California Forms of Jury Instruction, Procedures and Instructions § 1.13[3] (1987)).

If there is failure to timely and distinctly object to a jury instruction at trial, this court will review an alleged improper instruction only if plain error exists. *Goggins*, 704 P.2d at 1289; *see* W.R.A.P. 7.05. In *Goggins* this court reviewed the elements of the plain-error rule:

(1) that the record reflects clearly and unequivocally the fact complained of; (2) that the facts prove a transgression of a clear rule of law; (3) that the error affects a substantial right of the [appellant]; and (4) that the [appellant] has been materially prejudiced by that violation.

*Goggins*, at 1291 (quoting *Westmark v. State*, 693 P.2d 220, 224 (Wyo.1984)).

With the above standards of review in mind, we turn to the City's assignments of error.

II. *Instruction No. 8—Presumptions Based on City Emblem on Truck*

Instruction No. 8 read as follows:

The presence of the seal or logo for the City of Cheyenne on a vehicle raises a presumption that the vehicle is owned by the City of Cheyenne, and that the driver of the vehicle is an employee of the City of Cheyenne acting within the scope of his employment. In order to rebut the presumption, the City of Cheyenne has the burden of proving that it did not own the vehicle or the driver was not an employee of the City.

The City stated its objection in this way:

Your Honor, as to the instructions that the court is going to give, I have objection as to Instruction No. 8. My objection to Instruction No. 8 is that all the cases cited by the plaintiff in her brief, and to the ones noted on the proposed instructions, on the issue of the logo, without exception these cases all identify the driver of a vehicle, with a logo or decal on the side. The issue in those cases is whether or not the employee at the time of the accident or occurrence was acting as the agent of the employer. Many of those cases are after hours or Sunday-type situations. I believe that if the Wyoming Supreme Court were faced with this case, where the driver has not been identified, I don't believe that Instruction No. 8 sets forth the proper law with respect to the driver, just because there was a logo on the side.

Additionally, Your Honor, the Wyoming governmental claims act provides that a municipality can be held liable for the acts of its employees while acting and during the course and scope of their employment. There has been no identification of this individual, whether or not he was an employee of the city driving the vehicle. There is no lawsuit against the City of Cheyenne naming its employee, a John Doe or a Jane Doe or otherwise, and I don't believe that the proper parties are before this court in this regard, and the instructions do not clarify that issue.

■ Measuring that objection against the law's requirement, that a party must state distinctly the matter to which he objects and the grounds of his objection, we find that objection to be deficient. The City's objection amounts to nothing more than a naked claim that the instruction is not complete or an accurate statement of the law. That type of an objection is legally deficient. *Runnion v. Kitts*, 531 P.2d 1307, 1312 (Wyo.1975). Since the City's objection was legally deficient, the instruction became the law of the case. *Goggins*, 704 P.2d at 1289. In passing we note that the case law in a number of jurisdictions supports the court's giving of an instruction of this kind. *See* Annotation, *Presumption and Prima Facie Case as to Ownership of Vehicle Causing Highway Accident*, 27 A.L.R.2d 167, 185–88 (1953); *Carrazana v. Coca Cola Bottling Company*, 375 So.2d 345, 346 (Fla.App.1979) and

cases cited therein; *McDougall v. Glenn Cartage Co.*, 169 Ohio St. 522, 160 N.E.2d 266, 269 (1959).

 The City urges us to find plain error in the court's giving of the instruction. In this regard, the City claims the instruction should have told the jury that the City could rebut the presumptions raised by the City emblem by presenting evidence that the driver of the vehicle was not acting within the scope of employment. The City concedes it failed to raise this below. We do not find plain error on this ground for several reasons. First, at trial the City presented no evidence. Next, the City speciously asserts that the jury could have inferred from the testimony of one of the Simpsons' witnesses that the driver of the vehicle bearing the City emblem was on a "frolic and detour" when the incident happened since the driver stopped to drop off a passenger.

In light of Instruction No. 9, which informed the jury that the City's liability depended on a negligent employee's acting within the scope of his duties in the operation of a vehicle, we are not persuaded that the jury was misled or confused. Since we assume a jury reads, understands and follows instructions, we think the jury knew that the City could rebut the presumptions raised by showing the vehicle driver was not acting within the scope of his duties. Instruction No. 9 had a curative effect. *Condict,* 743 P.2d at 883–84.

The City also asserts that Instruction No. 8 failed to inform the jury of the distinction between "scope of employment" and "scope of duties" revealed in *Milton v. Mitchell,* 762 P.2d 372, 377 (Wyo.1988). *Milton,* however, had not been decided when this dispute between the Simpsons and the City was tried. Considering Instructions No. 8 and 9 together, we are satisfied the jury was properly instructed in this case.

### III. *Instructions No. 13, 14 and 15*

 Instruction No. 13 told the jury that violation of an ordinance is evidence of negligence. Instruction No. 14 told the jury that under a city ordinance a vehicle operator shall drive carefully and prudently, having regard for attendant circumstances. Instruction No. 15 told the jury that under a city ordinance a vehicle operator shall operate at a rate of speed which is reasonable and prudent, having regard for existing special traffic, road and weather conditions. In his trial objection to these instructions the City's counsel said

> [t]he City * * * cannot be found guilty of a violation of a traffic law, only its employees can violate a traffic law, and again the employee has not been identified as John Doe or otherwise in this action and the giving of these instructions would cause the jury to find that the city is guilty of a traffic law.

We find that objection legally deficient for the same reasons stated earlier. Since Instruction No. 8 became the law of the case, the City's argument linking alleged errors in that instruction with Instructions No. 13, 14, and 15 fails. The City does not support its claim of plain error with respect to these instructions with either cogent reasoning or legal authority. Consequently, we find the City's argument meritless. *Condict,* 743 P.2d at 885.

In conclusion, we find the trial court did not err in giving the questioned instructions to the jury nor abuse its discretion in denying the City's post-trial motions which were based on those instructions.

Affirmed.