**Richard L. SMITH, d/b/a Wyoming Pools & Spas, Appellant (Defendant),**

v.

**David A. KENNEDY and Dawn E. Kennedy, husband and wife, Appellees (Plaintiffs).**

No. 89–285.

Supreme Court of Wyoming.

Oct. 10, 1990.

Micheal K. Shoumaker, Sheridan, for appellant.

Dennis M. Kirven of Kirven and Kirven, Buffalo, for appellees.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

MACY, Justice.

This is an appeal from a judgment entered pursuant to a jury verdict, awarding money damages for breach of a warranty to construct a swimming pool in a competent and workmanlike manner, and from a judgment of the district court, awarding attorney's fees.

We affirm in part and reverse in part.

The primary issue is whether a contractor, who installed an in-ground swimming pool and damaged its liner in the process, is liable to the owner for attorney's fees under the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301 through 2312 (1988) (Warranty Act).

Appellant Richard L. Smith, dba Wyoming Pools & Spas, contracted to build a swimming pool for Appellees David A. Kennedy and Dawn E. Kennedy at their residence. Construction of the pool began in early June 1988. The pool had steel and concrete walls on which a vinyl liner was hung to retain water. The first liner was hung, and it was damaged by winds before the pool was filled with water. When the pool was filled, the water immediately began leaking out through the tears in the liner. The leaking water damaged the bottom of the pool. After some disagreement, Smith returned and attempted to remedy the situation. The damage to the bottom of the pool was repaired, and a new liner was hung in the pool. This second liner was torn by Smith's workman during installation. The Kennedys brought these defects to Smith's attention, as well as their dissatisfaction with other portions of the work which had been completed. Again, there was a disagreement between the parties, but eventually the Kennedys agreed to accept the pool—and they used it for the remainder of the summer of 1988—on the condition that Smith would make all necessary repairs and alterations when the pool was drained. The Kennedys demanded that Smith make the repairs in the autumn of 1988, but Smith refused to do so until the Kennedys paid the amount due under the contract plus the amount due for extra work which had been performed.

The contract, or pool order form, contained this warranty provision:

Contractor warrants that all material used in completing the pool installation contracted for herein will be new and of high quality and that all work on the pool will be done in competent and workmanlike manner; that if any substantial defect o[cc]urs in the workmanship of the pool it will be remedied without cost to the Buyer provided that written notice thereof is given the company within one (1) year after completion of such work. Assemblies or units (such as heaters, pumps, motors, filtration systems, liners) and standard fittings or accessories purchased by Contractor for use in this installation are subject to the manufacturer's guarantee only. Use of the pool

prior to the connection of the filter and placement of the coping shall render the warranty void. No claim may be filed under this warranty and no obligation to make adjustment thereunder will accrue until the full indebtedness of the Buyer to Contractor is paid. Contractor is not liable for damage caused by surface drainage around pool, floods or acts of God.

The contract did not provide for attorney's fees.

■ The district court relied upon the provisions of the Warranty Act in awarding attorney's fees. Section 2310(d)(2) provides:

If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

The Warranty Act applies to consumer products. A "consumer product" is defined as

any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed).

Section 2301(1). The Kennedys contend that the vinyl pool liner was a consumer product as it was merely an attachment to the pool. Smith takes the opposite view— that the liner was an integral part of the pool and was, therefore, not a consumer product. Whether the liner was a consumer product is not dispositive of whether attorney's fees are recoverable under the Warranty Act. The controlling question is whether there was a breach of the manufacturer's warranty. The manufacturer's warranty only covered separation in the liner's seams. The record clearly reveals that the damage to the liner was caused by Smith's workman and not by a seam separating. The Warranty Act does not apply because the manufacturer's warranty was not breached, and Smith is, therefore, not liable for attorney's fees pursuant to § 2310(d)(2) of the act.

■ Smith also argues that the terms of his contract with the Kennedys prevent them from filing a claim for breach of warranty until they pay their full indebtedness. Consequently, Smith contends that the district court erred by giving the following instruction:

Defendant is not permitted to impose any duty upon the plaintiff other than notification as a condition of securing a remedy for the swimming pool if it does not conform to the written warranty.

Smith objected to this instruction because it was premised upon the Warranty Act, which he asserted was not applicable to the case, and because it eviscerated the provision of the contract which required the Kennedys to pay their full indebtedness before Smith's warranty would be effective. Smith claims that, if the jury had been properly instructed as to the terms of the contract, the jury could not and would not have made an award of damages to the Kennedys. The instruction is derived from this provision of the Warranty Act:

In fulfilling the duties under subsection (a) of this section respecting a written warranty, the warrantor shall not impose any duty other than notification upon any consumer as a condition of securing remedy of any consumer product which malfunctions, is defective, or does not conform to the written warranty, unless the warrantor has demonstrated in a rulemaking proceeding, or can demonstrate in an administrative or judicial enforcement proceeding (including private enforcement), or in an informal dispute settlement proceeding, that such a duty is reasonable.

Section 2304(b)(1). We agree with Smith that the Warranty Act is not applicable

under the circumstances of this case and that, therefore, the instruction should not have been given.

We have examined the record, the jury verdict, and Smith's brief, and we are unable to hold that Smith was prejudiced by the instruction even though it was erroneous. The record must show that substantial rights were affected, W.R.A.P. 7.04, and a possibility must exist that, in the absence of error, the verdict might have been more favorable to a party. *City of Cheyenne v. Simpson*, 787 P.2d 580 (Wyo. 1990). The burden is upon an appellant to show that the error is prejudicial. *TG v. Department of Public Assistance and Social Services, Sheridan*, 783 P.2d 155 (Wyo.1989). Merely showing an error has occurred does not create a presumption of prejudice. *Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158 (Wyo.1989); *Condict v. Whitehead, Zunker, Gage, Davidson & Shotwell, P.C.*, 743 P.2d 880 (Wyo. 1987). The Kennedys claimed that they had paid 97.7 percent of the amount owing under the original contract and that it was not this amount which concerned Smith but rather the amount claimed for extra work Smith performed after the initial installation of the pool was completed. We cannot conclude that the Kennedys were without a remedy because of their indebtedness to Smith for 2.3 percent of the original contract price. We hold that the erroneous instruction is harmless and that the judgment against Smith is affirmed.

The jury award is affirmed, and district court's award of attorney's fees is reversed.

THOMAS, J., files a specially concurring opinion.

THOMAS, Justice, concurring specially.

I agree that the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301 to 2312, is not available as a basis for awarding attorney fees in this case. Under the federal statute, in this set of circumstances, the fact that there was no breach of the manufacturer's warranty is not controlling. A "warrantor," within the meaning of the Act, includes "any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." 15 U.S.C. § 2301(5). Smith furnished a written warranty. Further, "[t]he term 'supplier' means any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 U.S.C. § 2301(4). Smith is a "supplier" in the sense of the act and, consequently, a breach of his written warranty conceptually fits under the Act.

In my perception, however, the Act cannot be invoked because, by definition, the pool liner that failed is not a "consumer product" within Title 15 U.S.C. § 2301(1). *Cf. Balser v. Cessna Aircraft Company*, 512 F.Supp. 1217 (N.D.Ga.1981) (defines consumer product). The definition of a "consumer product" is fleshed out in 16 C.F.R., Ch. I, Subch. G, § 700.1(f) (1990). The pool liner is an integral part of the pool, and the application of the pertinent rule from the Code of Federal Regulations results in a conclusion that it is not a "consumer product" within the meaning of the Act. The fact that the pool liner was not a "consumer product" is the circumstance that forecloses the application of the Act. *Patron Aviation, Inc. v. Teledyne Industries, Inc.*, 154 Ga.App. 13, 267 S.E.2d 274 (1980).

Turning then to the instruction, I would conclude that the instruction is correct, not because it is appropriately premised upon the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, but because Smith waived the contractual requirement that he be paid in full before a warranty claim could be filed. He did that when he replaced the first pool liner after it had failed because of defects in workmanship.

I agree with the result found in the majority opinion, but I would reach that result for the reasons set forth above.