46648, 46691.   JACOBS v. METRO CHRYSLER-PLYMOUTH, INC. et al.; and vice versa.

ARGUED OCTOBER 4, 1971—DECIDED JANUARY 14, 1972—
REHEARING DENIED FEBRUARY 10, 1972.

464

*Hansell, Post, Brandon & Dorsey, Dent Acree, Julian B. McDonnell,* for appellant.

*Alston, Miller & Gaines, John R. Crenshaw,* for appellees.

DEEN, Judge. ■ The automobile was sold under a warranty issued by Chrysler Corporation and by the selling dealer who delivered it to Jacobs. It provides in part: "Chrysler Corporation warrants this vehicle (except tires) to the original purchaser only against defects in material and workmanship in normal use for 12 months or 12,000 miles of operation after the vehicle is first placed in service, which ever occurs first, from the date of sale or delivery thereto . . . Any part of this vehicle found defective under the conditions of this warranty will be repaired or replaced, at Chrysler's option, without charge at an authorized Imperial, Chrysler, Plymouth or Dodge dealership . . . This warranty is the only warranty applicable to the vehicle and is expressly in lieu of any warranties or conditions otherwise implied by law, including but not limited to implied warranties of merchantability or fitness for a particular purpose. The remedies under this warranty shall be the only remedies available to the owner of the vehicle or any other person, and neither Chrysler Corporation, Chrysler Motors Corporation, nor the authorized selling dealer assumes any other obligation or responsibility with respect to the condition of any vehicle, and neither assumes nor authorizes anyone to assume for any of them any additional liability."

We consider first the issue made by the cross appeal,

which as stated by the defendant is "whether under the Uniform Commercial Code as adopted in Georgia plaintiff, who bought an automobile subject to and in reliance upon defendants' express written warranty, may avoid the limitation in said warranty as it relates to buyer's remedies in the event of a breach of warranty by the seller." The defendant is correct in looking only to the provisions of the Uniform Commercial Code for an answer to this question, as cases dealing with rescission and with the measure of damages for breach of warranty decided prior to its adoption in 1962 are not controlling. It will therefore first be noted that the so-called New Car Warranty delivered to the purchaser has as its sole purpose and effect (1) the exclusion of all implied warranties, including warranties of merchantability and suitability for the purpose intended in accordance with the provisions of *Code Ann.* § 109A-2—316; (2) the limitation of all express warranties to replacement of defective parts, thus warranting not the *automobile* itself but the separate *parts* which put together in a proper manner, comprise the finished vehicle, and (3) the limitation of all remedies for breach of warranty to the repair or replacement of the defective *parts,* under *Code Ann.* § 109A-2—719 (1) which allows for limitation of remedy to repair and replacement of nonconforming parts and provides that resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy. All these provisions, however, are given considerable fluidity by reason of *Code Ann.* § 109A-2—302 which allows the court to determine whether any clause in a contract is unconscionable at the time it was made and, if so, to allow the contract to be construed with the offending clause deleted; *Code Ann.* § 109A-2—719 (2) allows for the limitation of consequential damages unless the limitation is unconscionable, and provides that where the exclusion or limitation of remedy fails of its essential purpose remedy may be had as provided in the Act. The Act, of course, provides for optional remedies on breach of warranty in Ch. 109A-2—6, including under § 109A-2—608 the right to

revoke acceptance within a reasonable time for a nonconformity not within the purchaser's knowledge at the time of acceptance if such nonconformity substantially impairs its value to him. The standard disclaimer of warranty clause in new automobile sales situations has already been under attack in a variety of cases not sufficiently similar to the one here to be controlling. It was held unconscionable in a personal injury action in Henningsen v. Bloomfield Motors, 32 N. J. 358, 400 (161 A2d 69), and the statement was made: "The draftsmanship is reflective of the care and skill of the Automobile Manufacturers Association in undertaking to avoid warranty obligations without drawing too much attention to its effort in that regard." The decision was followed in Zabriskie Chevrolet v. Smith, 99 N. J. Super. 441 (240 A2d 195), the disclaimer being held ineffective because of the absence of any meaningful choice on the part of the buyer, his scant bargaining power, and the unreasonableness of such limitations in other than purely commercial situations. There is obviously a point at which the warranty limitation must be considered unconscionable—for example if, due to defective manufacture or failure to repair by failing to place a 25 cent nut on the proper bolt, the brakes fail and a collision occurs resulting in heavy property damage and personal injury, courts might well be loath to limit the manufacturer's or seller's liability to the sum of twenty five cents. It has even been generally predicted that in the regular consumer situation, as opposed to the true commercial setting, both disclaimers of warranty and limitations or consequential damage will be held ineffective. See Sales and Bulk Transfers Under the U.C.C., Dusenburg and King, § 7.03 [3] at p. 7-48 (Bender's Uniform Commercial Code Service, Vol. 3); Defective Automobiles and the Uniform Commercial Code, Wm. T. Stanley, Jr., 18 Clev. St. L. R. 527; Application of the Doctrine of Unconscionability of Warranties, 38 Fordham L. Rev. p. 73; Vandermark v. Ford Motor Co., 37 Cal. Rptr. 896 (391 P2d 168).

Having shown that a general limitation of warranty, if construed so as to limit the *remedy* in all events would be

unconscionable, we will attempt to deal with the plain purport of the words, applying general provisions of law where not displaced by the commercial code, as required by *Code Ann.* § 109A-1—103. Under the disputed evidence in this case one permissible inference is that the car as delivered to the owner was defective in that the crankshaft ceased to function early in the warranty period; it was taken to the nearest authorized Chrysler-Plymouth dealer as required by the warranty provisions and there repaired; while the evidence on the subject is inconclusive, the repairs may have been defective and may have contributed to the fire which broke out shortly thereafter; in any event, the owner then returned the vehicle to an authorized dealer for further repairs, and all persons concerned, under his testimony, refused to provide them. The owner then immediately left the vehicle along with the keys on the dealer's premises and it remained there until the time of trial. The warranty was that "any part of this vehicle found defective under the conditions of this warranty will be repaired or replaced at Chrysler's option without charge at an authorized Imperial, Chrysler, Plymouth or Dodge dealership." The later statement: "The remedies under this warranty shall be the only remedies available to the owner of the vehicle or any other person" refers to remedies upon discovery of a defect, not remedies available to the purchaser after the seller has breached its warranty by a refusal to repair. A refusal to repair or an unsuccessful repair is such a breach. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 551 (181 SE2d 694) and see Seely v. White Motor Co., 45 Cal. Rptr. 17 (403 P2d 145); Rose v. Chrysler Motors Corp., 212 Cal. App. 2d 755 (28 Cal. Rptr. 185, 99 ALR2d 1411); Allen v. Brown, 181 Kan. 301 (310 P2d 923). Revocation of acceptance following such breach is an available remedy. Accordingly, a jury question was presented and it was not error to refuse to direct a verdict in favor of the defendant.

■ The buyer may revoke acceptance of a commercial unit whose nonconformity substantially impairs its value to him if he accepted without discovery of such nonconformity.

*Code Ann.* § 109A-2—608, supra. Upon cancellation he is entitled to the return of the purchase price. *Code Ann.* § 109A-2—711 (1). Consequential damages are not involved here for the reason that the buyer did in fact rescind the contract, according to his testimony, upon refusal to repair and did in fact return the automobile to the dealer and seek only recovery of price, for which reason we do not have before us that part of the new car warranty also disclaiming consequential damages. To win his case it was incumbent upon him to prove the breach of warranty and that such breach substantially impaired the value of the vehicle to him. The court correctly charged this principle of law and further charged that the jury, if it found for the plaintiff, must return a verdict in the sum of $4,600.10, which represented the purchase price. This being so, it was both contradictory and erroneous to charge further: "If you find · a breach of warranty in the sale of this automobile, his damage is the purchase price *if you find that it was totally worthless.* I further charge you that assuming there was a breach of warranty *that did not render the automobile totally worthless,* plaintiff's damage is the difference between the purchase price and the actual value of the automobile." It is obvious that the jury was confused by this charge since it returned with a question in regard to the amount, asking "whether they should decide only the $4,600" and the court again instructed that a verdict for the plaintiff must need be in that exact amount. This error requires reversal.

The cross appellant contends that the difference in market value yardstick would be correct under the pleadings in the case and under the official comment found in the 1962 Official Edition of the Code. The comment states that the buyer is no longer required to elect between revocation and damages for breach. This does not mean that the plaintiff cannot elect if he so chooses, and election to revoke acceptance is here clearly shown both by the amendment seeking recovery of purchase price and the return of the automobile itself. We think the comment may be better understood by reference to the statement in Seely v. White Motor Co., 45

Cal. Rptr. 17, supra, where the court held in an action against a manufacturer only that the sales act did not compel an election of remedies. It was obviously error which confused the jury to instruct them that the full purchase price could not be recovered unless the vehicle was *totally worthless* (rather than substantially impaired in value) and to further inform them that a verdict for the plaintiff *must* be, if at all, for the full purchase price.

*Judgment reversed in Case No. 46648. Judgment affirmed in Case No. 46691. Bell, C. J. and Pannell, J., concur.*