## 50867. JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, INC. v. PONDER et al.

QUILLIAN, Judge.

Plaintiff brought suit predicated on a Retail Instalment Contract and Security Agreement. The defendants in their answer counterclaimed for breach of warranty. The plaintiff moved for summary judgment on the grounds: "the pleadings and depositions filed in this case show that there is no substantial and genuine issue as to any material fact and plaintiff is entitled to a judgment in its favor as a matter of law." Depositions, affidavits and documentary proof were offered pursuant to such motion. After a hearing the trial judge overruled the motion and entered a certificate under CPA § 56 (h) (Code Ann. § 81A-156 (h); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). (This was prior to July 1, 1975. See Ga. L. 1975, p. 757, now effective.) *Held:*

The plaintiff contends that it was entitled to recover on its complaint, citing *Freezamatic Corp. v. Brigadier &c. Corp.,* 125 Ga. App. 767 (189 SE2d 108). However, in view of the language of the motion, its grant was proper only if the counterclaim was without merit. In this regard, the burden remained on the plaintiff as movant to establish that there was no genuine issue of material fact.

The contract involved the sale of a tractor. The plaintiff points out that the terms of the express warranty to the defendants provided: "All parts of John Deere equipment, except tires, tubes, radios, batteries and air conditioners, which are defective in materials or workmanship as delivered to purchaser, will be repaired or replaced, as John Deere elects, without charge for parts or labor if a defect appears within 12 months or 1500 hours, whichever occurs first, from the date of delivery of the equipment to the original purchaser." It is then pointed out that, on two occasions when the defect was called to the dealer's attention, repairs and replacements were accomplished. What is overlooked is that, according to the testimony of the defendants, there were no proper repairs or proper replacements of defective parts. The defendants continuously had problems with the equipment and requested that they be remedied without specifying how. The duty then befell the dealer to make the necessary repairs or replacements. Since the condition continued it may be inferred (but not demanded) that such duty was not met. The showing made did not establish as a matter of law that the warranty requirements were fulfilled. Since without question the defect appeared within the 12-months period, it was incumbent on the plaintiff to show repair or replacement of the defect, not solely repair or replacement of certain named parts. See *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 551 (181 SE2d 694); *Jacobs v. Metro Chrysler-Plymouth, Inc.,* 125 Ga. App. 462, 467 (188 SE2d 250).

There is a material issue as to whether the plaintiff breached its warranty. We also note that the evidence here did not establish that there was a failure to comply with any requirements regarding notice to the selling party.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 5, 1975.

*Jones, Bird & Howell, Arthur Howell, III,* for appellant.

*Wendell C. Lindsay,* for appellees.