## 54879. LESTER v. TRUST COMPANY OF GEORGIA.

SHULMAN, Judge.

Lester brought this action alleging that the bank breached an oral contract, libeled him, and harassed him. Appellant was a holder of a Master Charge card. In late 1974, a collector for the bank agreed to accept monthly payments of $15 on Lester's account in lieu of the minimum payments called for by the charge account contract. As a part of the agreement, Lester signed an affidavit stating that the cards had been destroyed or surrendered, in effect, promising not to use the cards. Lester subsequently sent the agreed-upon $15 payment each month. On one or more occasions in 1975 (the evidence is conflicting), the bank transmitted information on Lester's account to the Credit Bureau of Atlanta. Lester alleges that the information (that his account was past due) caused the Credit Bureau to assign to him an unfavorable credit rating. He argues that his agreement with the bank's collector superseded the Master Charge agreement and that as long as he made the $15 payments, his account could not be past due. Since his account could not be delinquent, he urges, the the action of the bank in telling the Credit Bureau it was past due was a false and defamatory communication. The harassment portion of the complaint is based on Lester's allegations that agents of the bank made threatening phone calls to

his home and office demanding payment. The appeal is from summary judgment granted to the bank. We reverse.

1. On the issue of breach of contract, the bank argues that the Master Charge contract could not be modified by the subsequent oral agreement. That argument is based on the Statute of Frauds and the rule that "[p]ayment of a part of a past-due indebtedness furnishes no consideration for a promise of forbearance. [Cits.]" *Bowdon Oil & Fertilizer Co. v. Bank of Bowdon,* 32 Ga. App. 206 (122 SE 723). However, the undisputed facts that the agreement was made, that Lester performed thereunder and that the bank accepted his performance, trigger another rule which controls here.

" ' . . . [O]ral modification as to those matters in a contract required by the Statute of Frauds to be in writing are ineffective . . . unless the contract as so modified has been acted on or performed by one of the parties.' [Cit.]

"One reason for performance of an oral modification to a written contract being an exception to the general rule is that 'part performance will satisfy the requisites both of mutuality and of the Statute of Frauds.' [Cits.] Another reason is that plaintiff having accepted the benefits arising under the contract after being notified of an anticipated breach, and not having given notice of his intention to rely on its exact terms, but having continued to accept the benefits thereunder may not recover for such alleged breach or failure to perform fully the complete terms of the original agreement. [Cits.] Acceptance of such benefits after notice of an alleged breach will constitute a waiver of the breach. [Cits.]

"Subsequent performance by the parties is sufficient consideration to support what Code § 20-116 calls 'a quasi new agreement.' [Cits.] Although the attempt at modification of the original written contract may not satisfy the Statute of Frauds, where as here, a modification of the written contract has been agreed to by all parties, performed by one and accepted by the other, there is a waiver of the provisions of the original contract . . ." *B-Lee's Sales Co. v. Shelton,* 141 Ga. App. 870, 872 (234 SE2d 702).

Based on the above holding, we find that Lester's contract claim is not barred, as a matter of law, by the

Statute of Frauds or a lack of consideration because the bank's acceptance of payments amounted to a waiver of the terms of the original contract during the period of the quasi new agreement. Questions of fact remain as to the intended duration of the quasi new agreement and as to whether the bank had given notice to Lester, prior to the transmission of the information to the Credit Bureau, that it intended to reinstate the terms of the original contract.

Appellee also claims that the doctrine of res judicata applies here, alleging that a judgment of the Superior Court of DeKalb County, in a case involving the same parties and issues, was rendered adversely to appellant. However, the only judgment of that court which appears in the record on appeal is a denial of appellant's motion to remove to that court a case in which he was the defendant and the appellee herein was plaintiff. That denial was not an adjudication on the merits of appellant's claim. "For the former judgment to be a bar, the merits of the case shall have been adjudicated." Code Ann. § 110-503.

The defenses raised by appellee to appellant's contract claim do not establish that it is entitled to judgment as a matter of law. There being questions of fact remaining, it was error to grant summary judgment to Trust Co. on the contract issue.

2. Appellee's defense against the libel action is two-pronged: it claims that what is transmitted to the Credit Bureau was true and, therefore, not libelous; and that the method of transmission, either telephone or computer tape, is not a publication of ". . . a false and malicious defamation of another," expressed in print, or writing, or pictures, or signs. Code Ann. § 105-701. Neither argument is so conclusive as to authorize summary judgment.

The claim of truthfulness is a question of fact since we could not hold as a matter of law that the quasi new agreement was unenforceable at the time of the alleged communications. If the oral agreement was binding at the time appellee told the Credit Bureau Lester's account was past due, the information was false because the account would not have been delinquent under the terms of the second agreement.

The second argument is robbed of its viability by inconsistencies in the testimony of agents of the bank. During discovery, it was asserted by the bank that information was sent to the Credit Bureau on magnetic computer tape. On another occasion, the bank claimed that on this particular account, for some unknown reason, the information was given to the Credit Bureau by telephone pursuant to a request. The bank's evidence being so equivocal, we cannot say that the method of transmitting information on appellant's account was not within the libel statute. See *Garren v. Southland Corp.,* 237 Ga. 484 (228 SE2d 870). Accordingly, summary judgment was inappropriately granted on the libel issue.

3. On the issue of harassment, appellee contends that there is no cause of action for harassment. The only cause of action appellant may have, the bank argues, is for a violation of his right to privacy. In its brief, appellee sets out four torts which come under the heading of invasion of privacy (*Cabaniss v. Hipsley,* 114 Ga. App. 367 (151 SE2d 496)), and attempts to show that appellant's testimony eliminates each of them. Two of them are inapplicable and the bank asserts that the other two, public disclosure of embarrassing private facts about the plaintiff and publicity which places the plaintiff in a false light in the public eye, are negatived by appellant's testimony in deposition that no one else had knowledge of the threatening and demanding phone calls allegedly made by agents of the appellee. Contrary to that assertion, appellant makes no such admission in his deposition. Appellee, as the party moving for summary judgment, has the burden of affirmatively negativing Lester's claim and showing that he is not entitled to recover under any theory of the case by evidence demanding a finding to that effect. *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14 (3a) (198 SE2d 381). Appellee has not produced evidence which demands a finding that appellant cannot recover under any theory of the case. The granting of summary judgment was error.

*Judgment reversed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED JANUARY 12, 1978.

Ronald Lester, *pro se.*
T. *Walter Gcabashe,* for appellee.