## 56818. WINDHAM et al. v. WINTERS.

BANKE, Judge.

The appellee, B. G. Winters, purchased a boat from the appellants, Amelia and D. D. Windham, d/b/a Evans Marine Sales. After revoking his acceptance of the boat, the appellee sued to recover the purchase price, consequential damages, attorney fees, and court costs. The appellants appeal the portion of the judgment awarding the appellee attorney fees.

Code § 20-1404 permits the jury to award the plaintiff expenses of litigation whenever ". . . the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . ." The appellants contend the trial judge erred in submitting this issue to the jury since the charge was not warranted by the evidence.

Code § 20-1404 has been construed to mean that " . . . expenses of litigation are not allowed for bad faith in refusing to pay, but where he 'has acted in bad faith' in the transaction and dealings out of which the cause of action arose. The language of [the statute] clearly points to bad faith prior to institution of the action, rather than to the motive with which the particular suit is being defended. . ." Traders Ins. Co. v. Mann, 118 Ga. 381, 385 (45 SE 426) (1903).

The evidence was that the boat purchased by the appellee had bubbles in the fiberglass and that the appellants gave a special 12-month store warranty on the boat (in addition to the manufacturer's 12-month warranty) because of the defect. The appellants also assured the appellee that it would not be necessary to return the boat to the factory for repairs since he could

have the defect cured locally. The appellee testified that this assurance influenced his decision to purchase the boat. The evidence also showed that the appellants were not equipped to have the boat repaired. The bubbling in the fiberglass spread, and it was necessary to return the boat to the factory twice for repairs.

When the boat came back the second time, the appellant informed the appellee that the defective boat had been replaced with a new boat but that it had the same serial number as the old one in order to eliminate extra paperwork. In fact, the "new" boat was the old boat with some of the defective parts replaced. Based on this evidence introduced at the trial, it cannot be held that the trial judge's charge on attorney fees was unauthorized as a matter of law. See *Tam v. Newsome,* 141 Ga. App. 76 (232 SE2d 613) (1977).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED FEBRUARY 1, 1979.

*M. McNeill Holloway, III,* for appellants.
*Glover & Sibley, Sam B. Sibley, Jr., T. J. Foss,* for appellee.