59597, 59598. GORDON v. OGDEN; and vice versa.

McMurray, Presiding Judge.

This is an action for damages arising from an automobile collision. Plaintiff Gladys Ogden filed her complaint seeking damages for her injuries sustained in the collision naming both Chambless and Gordon as defendants. Service of process was made upon both defendants. Plaintiff was driving to work when her vehicle collided with an automobile driven by defendant Chambless and owned by defendant Gordon.

The record before us contains the answer and counterclaim of defendant Gordon. The main action is no longer before the court due to settlement and stipulation by and between the parties with the main action dismissed. The record only contains the transcript of the trial of defendant Gordon's counterclaim against the plaintiff in which the jury returned a verdict in favor of the defendant counterclaimant Gordon against plaintiff Ogden, awarding Gordon $1,700 for damages to the vehicle owned by him; $2,500 attorney fees, and exemplary damages of $5,000, for a total of $9,200.

Plaintiff's motion for a judgment notwithstanding the verdict was granted, and those portions of the verdict and judgment awarding the defendant Gordon exemplary damages and recovery of attorney fees were set aside so that the judgment remaining in favor of defendant Gordon awarded only $1,700 compensatory damages.

Defendant Gordon appeals, enumerating as error the order of the trial court on plaintiff's motion for judgment notwithstanding the verdict in that it denied him a recovery of the exemplary damages and attorney fees awarded by the verdict of the jury. Plaintiff Ogden cross-appeals, enumerating as error the failure of the trial court to grant her motion for judgment notwithstanding the verdict on the issue of compensatory damages awarded for damages to the defendant's automobile. *Held:*

1. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000). There being no evidence of such conduct on the part of plaintiff Ogden, punitive or exemplary damages were not warranted. *Douglas v. Prescott,* 31 Ga. App. 684 (3) (121 SE 689).

2. Nor does the evidence presented at trial authorize the judgment against plaintiff Ogden for expenses of litigation. Although it is necessary to show the existence of only one of the

three statutory conditions of Code § 20-1404 in order to authorize an award of damages for expenses of litigation, no such evidence was presented in this case.

The testimony showed a conflict as to the circumstances under which the collision occurred. Plaintiff Ogden testified that defendant Chambless, operating defendant Gordon's automobile, pulled into her path such a short distance ahead of her that she was unable to avoid a collision while defendant Gordon's evidence is that defendant Chambless pulled onto the highway a considerable distance ahead of plaintiff Ogden, who negligently failed to avoid colliding with defendant Gordon's automobile. Plaintiff Ogden's conduct constitutes no more than a refusal to pay a disputed claim which is not an equivalent to stubborn litigiousness, nor would it support a claim that plaintiff Ogden caused defendant Gordon unnecessary trouble and expense. *Murphy v. Morse,* 96 Ga. App. 513, 516 (3) (100 SE2d 623). Bad faith under Code § 20-1404 relates to the time prior to the institution of the suit and there was no evidence of plaintiff Ogden's conduct during this period. *Traders Ins. Co. v. Mann,* 118 Ga. 381 (7), 385 (45 SE 426); *Windham v. Winters,* 148 Ga. App. 861 (253 SE2d 247). The award of the expenses of litigation being unsupported by the evidence, the trial court did not err in excluding these damages from its judgment, notwithstanding the verdict. Compare *Ken-Mar Construction Co. v. Bowen,* 245 Ga. 676 (266 SE2d 796), (1980) reversing *Bowen v. Ken-Mar Construction Co.,* 152 Ga. App. 568, 571 (4) (263 SE2d 463).

3. The cross-appeal contending that defendant Gordon has failed to prove the amount of damages to his automobile is predicated upon language from *Nail v. Hiers,* 116 Ga. App. 522, 524 (157 SE2d 771), in which this court held that testimony as to the market value of an automobile after a collision lacks probative value in the absence of supporting evidence as to the extent of the damage other than the mere statement that the rear end was crumpled and that the automobile could not be driven away. In the case sub judice defendant Gordon has given considerably more detailed testimony as to the damage done to his car, explaining that the trunk lid, the bumper, and the panel under the trunk lid were bent. Gordon testified that the frame was buckled on both sides where the frame makes an arch over the tires, and the sides had buckled because the vehicle had been hit so hard. This testimony is much more useful in illustrating to the jury the magnitude of the damage done to defendant Gordon's automobile than was the testimony in *Nail v. Hiers,* 116 Ga. App. 522, 524, supra. Gordon's testimony presented information sufficient for the jury's needs in determining damages, therefore this contention is without merit.

*Judgments affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 12, 1980 — DECIDED MAY 16, 1980.

*Richard D. Phillips*, for appellant.
*William A. Zorn, Don Smart*, for appellee.