61019. HUB MOTOR COMPANY et al. v. ZURAWSKI.

SOGNIER, Judge.

Patricia A. Zurawski purchased a new 1974 automobile from Hub Motor Company on February 21, 1975. After repeated difficulties with the brakes, Zurawski returned the vehicle to Hub on May 23, 1975, again claiming difficulty with the brakes, and revoked her contract of purchase.

While at the Hub service department Zurawski, a city police officer in uniform, got involved in an argument with the service personnel and called her fellow police officers for assistance as witnesses to the argument. Two other police cars appeared at the scene. Subsequently, all left the Hub premises.

Defendant Dickerson, as business manager and vice president of Hub, wrote the city police commissioner on June 6, 1975 about Zurawski's conduct on Hub's premises and enclosed three statements obtained from Hub employees. One of the statements complained of Zurawski's "abusive language" and about the call to her fellow officers. Another complained of Zurawski's "cursing and using abusive language which you never hear an Officer do" . . . "This woman officer running around cursing and screaming in full uniform, gun and handcuffs . . ." The third said "I have lived in the Atlanta area all my life. I have never seen a person conduct themselves in this

manner, especially if they have a job similar to Miss Zurawski."

The Bureau of Police Services conducted an evidentiary hearing and found Zurawski in violation of two rules. "Using profane or insolent language to a citizen" and "causing unauthorized emergency call to be dispatched." Zurawski was suspended for three days, but on appeal, the suspension was revoked. Zurawski resigned from the police service on September 1, 1977, giving her reason as personal.

Zurawski sued Hub and Dickerson in several counts to recover her purchase money following revocation of the sales contract, consequential damages, costs and attorney fees because of Hub's bad faith and stubborn litigiousness. Zurawski also alleged libel, slander and defamation of her professional reputation necessitating her resignation, and asked for general damages, punitive damages and attorney fees.

The jury awarded Zurawski $8,902.90 on Count 1, pertaining to recovery of the cost of the automobile; this amount apparently included attorney fees. She was also awarded general damages and $25,000 punitive damages on Count 2, pertaining to libel. Hub and Dickerson appeal.

1. Appellants' enumerations of error 1 through 4, 7 and 8 relate to the sufficiency of the evidence and submission of the revocation question to the jury when Hub had limited its warranty to repair or replacement of defective parts. Code Ann. § 109A-2—608 provides that a buyer "may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it . . . within a reasonable time" after discovery of the defects. Revocation under Code Ann. § 109A-2—608 is an available remedy even where the seller has attempted to limit its warranties. *Jacobs v. Metro Chrysler-Plymouth,* 125 Ga. App. 462 (188 SE2d 250) (1972). There is ample evidence of Zurawski's continued difficulties with the car brakes, Hub's failure to repair, and revocation. The question of substantial impairment sufficient to authorize revocation is for the jury. *Ford Motor Co. v. Gunn,* 123 Ga. App. 550, 551 (181 SE2d 694) (1971). A jury issue is also presented regarding a reasonable time allowed a seller to comply with the warranty provision of a sales contract. *Trailmobile Div. of Pullman Inc. v. Jones,* 118 Ga. App. 472, 474 (164 SE2d 346) (1968). Where no error is found, this court will not interfere with a verdict supported by some evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271) (1977). We find no error in these enumerations.

2. In enumerations of error 5 and 6 appellants contend the trial court erred by admitting testimony of an expert based upon facts not in evidence. These enumerations are without merit. All of the material facts used by the expert in arriving at his opinion were either

in evidence or admitted later. *National Trailer Convoy v. Sutton,* 136 Ga. App. 760 (222 SE2d 98) (1975).

3. Appellants contend in enumerations of error 12 through 18 that the trial court erred in submitting the question of libel to the jury where the evidence was insufficient to sustain the verdict.

"A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Code Ann. § 105-701. The statements of Hub employees attached to Dickerson's letter to the police commissioner can reasonably be construed to characterize Zurawski as unfit for her job as a police officer. Statements which tend to injure one in his or her trade, occupation, or business have been held to be libelous per se, and one need not prove special damages in such instances. *Walker v. Sheehan,* 80 Ga. App. 606, 611 (56 SE2d 628) (1949); *Dickey v. Brannon,* 118 Ga. App. 33, 35 (162 SE2d 827) (1968).

Appellants argue that the statements made were not libelous because they were not false. While the truth of the charge made may always be proved in justification, Code Ann. § 105-708, nevertheless, truthfulness is a question of fact for the jury. *Lester v. Trust Co. of Ga.,* 144 Ga. App. 526, 528 (241 SE2d 633) (1978). Zurawski's testimony regarding the truth or falsity of the statements was sufficient to create a jury question. Where there is some evidence to support the verdict, we will not disturb it. *Thompson v. Hill,* supra.

4. In enumerations of error 9 through 11, appellants contend the trial court erred in submitting the issue and the proof of attorney fees to the jury. Based on the evidence introduced at trial, the submission of the issue of attorney fees to the jury was authorized under Code Ann. § 20-1404, *Windham v. Winters,* 148 Ga. App. 861 (253 SE2d 247) (1979). However, the evidence as to the amount of attorney fees was inadequate. Zurawski testified she was obligated to pay $2,500 for representation in the instant case, plus $675 for earlier attorney fees for the police bureau hearing. Nowhere is there proof of value of the attorney fees. *Price v. Mitchell,* 154 Ga. App. 523, 526 (6) (268 SE2d 743) (1980). Since the verdict obviously included $3,175 in attorney fees, we will require this amount of the verdict to be written off. *Talley-Corbett Box Co. v. Royals,* 134 Ga. App. 769, 770 (216 SE2d 358) (1975).

*Judgment affirmed on condition that attorney fees in the amount of $3,175 be written off. Deen, P. J., and Birdsong, J., concur.*

Decided February 23, 1981 — Rehearing denied March 11, 1981.

*Donald E. O'Brien,* for appellants.
*T. Jackson Bedford, Jr.,* for appellee.