**COWIN EQUIPMENT COMPANY, INC. etc., Plaintiff-Appellee,**

v.

**GENERAL MOTORS CORPORATION, etc., Defendant-Appellant.**

No. 83-7041.

United States Court of Appeals, Eleventh Circuit.

June 29, 1984.

Charles L. Robinson, Johnston, Barton, Proctor, Swedlaw & Naff, Birmingham, Ala., Carol Lesnek Cooper, Detroit, Mich., for defendant-appellant.

Frank Hilton-Green Tomlinson, Madison W. O'Kelley, Jr., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff Cowin Equipment Co., Inc. sued General Motors Corporation (GMC) for damages on the ground that the terms of its dealer sales and service agreement were unconscionable under § 2–302 of the Uniform Commercial Code. The district court held the provision was unconscionable as a matter of law and denied defendant's motion for summary judgment. We granted leave to appeal on the district court's 1292(b) certificate. 28 U.S.C.A. § 1292(b). We reverse on the ground that U.C.C. § 2–302, which concerns unconscionable contracts, does not create a cause of action for damages.

This is a diversity case. The agreement indicated that Ohio law would apply. The district court applied Alabama law. The parties do not contend there is any difference between Ohio law and Alabama law. Alabama and Ohio have adopted substantially identical versions of the Uniform Commercial Code (U.C.C.) provisions which are cited in this opinion. *See* Ala.Code § 7–2–302; Ohio Rev.Code Ann. § 1302.15. Consequently, we will refer to the applicable U.C.C. provisions without additional reference to their Alabama or Ohio statutory counterparts.

Briefly, the facts are as follows: In early 1978, GMC and its dealers anticipated an increase in demand for Terex heavy equipment, which GMC manufactured and Cowin sold. GMC responded by instituting a "Planned Distribution Program" (PDP), which modified the former agreement be-

tween the parties by requiring Cowin and other dealers handling Terex equipment to place non-cancellable orders in advance for equipment to be shipped between September 1, 1978 and August 1, 1979. Formerly GMC had permitted liberal cancellation, although the terms of its agreement with its dealers provided for cancellation only upon written notice received ninety days prior to the date of scheduled assembly "unless otherwise agreed at the time an order is submitted by dealer and accepted by Terex."

Cowin ordered forty-four machines in the months following. Due to a downturn in the economy, however, Cowin later attempted to cancel some of the orders. GMC refused to permit cancellation and delivered all of the machines as ordered, leaving Cowin with excess inventory. Cowin sued in December, 1980 seeking damages on grounds that the PDP terms were unconscionable. Specifically, plaintiff sought compensation for (1) interest incurred on loans necessary in order to buy equipment which defendant would not allow cancellation on; (2) insurance on the equipment; (3) storage and maintenance fees on the equipment; (4) loss incurred from sale of certain equipment sold for less than its purchase price.

■ The district court viewed the case as a "Uniform Commercial Code unconscionability action for damages" based on what it found to be unconscionable terms in the sales and service agreement between the parties. Our review of the Code provisions and the relevant cases persuades us that U.C.C. § 2–302 was not intended to create a cause of action, and cannot be used as a basis for damages in the instant case.

The language of § 2–302 and the Official Comment which follows it make no mention of damages as an available remedy for an unconscionable contract. This is consistent with traditional common law unconscionability theory. When the equity courts found contracts to be unconscionable, they refused specific enforcement. *See* J. White and R. Summers, *Uniform*

*Commercial Code,* § 4–2 at 113, and § 4–8 at 130 (1972) (citing *Earl of Chesterfield v. Janssen,* 28 Eng.Rep. 82 (Ch. 1750)). The remedies available to modern courts under § 2–302 are of similar equitable nature:

(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

U.C.C. § 2–302 (1983).

No case has been cited in which a damage award was based on an unconscionable contract. Although apparently not decided in either Alabama or Ohio courts, the cases which have addressed the issue have consistently rejected the theory that damages may be collected for an unconscionable contract provision, citing the language of § 2–302 and its common law precursor to demonstrate that § 2–302 was not intended to provide a basis for damage recovery. *See, e.g., Bennett v. Behring Corp.,* 466 F.Supp. 689, 700 (S.D.Fla.1979).

(the equitable theory of unconscionability has never been utilized to allow for the affirmative recovery of money damages. The Court finds that neither the common law of Florida, nor that of any other state, empowers a court addressing allegations of unconscionability to do more than refuse *enforcement* of the unconscionable section or sections of the contract so as to avoid an unconscionable result.)

(citations omitted); *Whitman v. Connecticut Bank and Trust Co.,* 400 F.Supp. 1341, 1346 (D.Conn.1975) ("The 'unconscionability' provision of the Uniform Commercial Code ... carries no provision for damages; the remedy it provides is express."); *Pearson v. National Budgeting Systems, Inc.,* 297 N.Y.S.2d 59, 31 A.D.2d 792 (N.Y.App. Div.1969) ("Section 2–302 of the Uniform Commercial Code does not provide any

damages to a party who enters into an unconscionable contract."); *Vom Lehn v. Astor Art Galleries, Ltd.*, 86 Misc.2d 1, 380 N.Y.S.2d 532, 541 (N.Y.Sup.Ct.1976) ("U.C.C. § 2–302 … makes no provision for damages, and none may be recovered thereunder."). *See also* 2 R. Anderson, *Uniform Commercial Code* § 2–302:102 (3d ed. 1982) ("[t]he unconscionability section of the Code does not authorize the recovery of any damages by the buyer, the relief obtainable being limited to that stated by the Code, namely, that the court may refuse to enforce the contract or the unconscionable provision"); 15 *Williston on Contracts* § 1763A at 215 (3d ed. 1972) ("a court under [§ 2–302] may not award damages to the party who enters into an unconscionable agreement").

Cowin contends that the damages requested were granted not on grounds of unconscionability of the Planned Distribution Program, but rather under the terms of the former agreement between the parties. Under Cowin's theory, unconscionability simply provides a basis for striking the "clause" containing the Planned Distribution Program which GMC asserts as an affirmative defense, rendering the former agreement applicable. Cowin thus claims that the district court's holding did not award damages under U.C.C. § 2–302.

The language used by the district court in its opinion, however, does not support this conclusion. The opinion opens by characterizing this case as "a Uniform Commercial Code unconscionability action for damages," and closes with the observation that

> [w]hile unconscionability has normally been used as a shield against oppressive and unfairly surprising terms of contracts, that shield can equitably be beaten into a sword of restitution attacking those terms. The court, therefore, finds that the terms implementing the Planned Distribution Program are unconscionable as a matter of law.

The district court cited two cases in support of the above proposition, both of which involved plaintiffs who used the doctrine of estoppel offensively. *See Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir.1976); *Mazer v. Jackson Insurance Agency*, 340 So.2d 770 (Ala.1976). Neither of these opinions concerns the Uniform Commercial Code or the doctrine of unconscionability.

Our decision on this point forecloses Cowin's attempt to recover damages on grounds of the unconscionability of the non-cancellation clause. GMC's motion for summary judgment should have been granted. We need not reach defendant's alternative contention that § 2–302 does not extend to commercial contracts between large business corporations such as the ones involved in this action. We note that we have decided this case without reflection on the district court's determination that the non-cancellability provision was unconscionable. Review of the terms at issue in light of situations in which contractual provisions have been found unconscionable at common law or under § 2–302 raises a serious question as to the correctness of that decision, however. *See, e.g., Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 121 U.S.App.D.C. 315 (1965); *Campbell Soup Co. v. Wentz*, 172 F.2d 80 (3d Cir.1948); *Johnson v. Mobil Oil Corp.*, 415 F.Supp. 264 (E.D.Mich.1976); *American Home Improvement, Inc. v. MacIver*, 105 N.H. 435, 201 A.2d 886 (1964); *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69 (1960); *Jacobs v. Metro Chrysler-Plymouth, Inc.*, 125 Ga. App. 462, 188 S.E.2d 250 (1972); *Jones v. Star Credit Corp.*, 59 Misc.2d 189, 298 N.Y.S.2d 264 (1969). The district court's denial of defendant's motion for summary judgment is reversed and the case is remanded for entry of an appropriate judgment in accord with this opinion.

REVERSED and REMANDED.