## 69513. WOLFES v. TERRELL.
(328 SE2d 569)

SOGNIER, Judge.

Robert Terrell brought suit against George Wolfes to recover the purchase price of a 1962 automobile. The jury returned a verdict in favor of Terrell for $13,000 in damages and attorney fees. Wolfes appeals from the trial court's denial of his motions for directed verdict and j.n.o.v.

Appellee approached appellant on March 8, 1983 about the 1962 Mercedes Benz automobile on appellant's lot and the parties agreed that appellee would purchase the car after "a few things" were done to get the car in order. Appellee paid the last installment of the $8,000 purchase price on March 30th when he went to pick up the car. However, after driving the automobile off appellant's lot appellee discovered that the brakes were functioning improperly, the gasoline indicator was faulty, that the vehicle had no lights, no windshield wipers, the key did not fit the door locks and the battery failed to operate upon restart. Appellee returned the automobile to appellant within five hours of picking it up, telling appellant the car was not ready and giving him a list of things that needed to be repaired. On April 6 appellee obtained a bill of sale from appellant as proof of purchase of the vehicle and on April 13 he collected the automobile for the second time. Upon driving it that evening appellee discovered that not all the repairs promised by appellant had been made. Appellee returned the car to appellant's place of business the following morning and subsequently wrote and telephoned appellant seeking a refund of the purchase price.

1. Appellant contends the trial court erred by denying his mo-

tions for directed verdict and j.n.o.v. because there was no evidence to support a jury verdict based on appellee's rejection or revoked acceptance of the automobile. "In reviewing the overruling of motions for directed verdict or judgment n.o.v., the appropriate standard to be utilized is the any evidence test. [Cits.]" *Meadows v. Douglas County Fed. &c. Assn.*, 169 Ga. App. 150, 152 (5) (312 SE2d 169) (1983). The issue whether appellee revoked or rejected the automobile was a jury question and there was some evidence from which the jury could conclude that such rejection or revocation occurred. "As there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for the defendant, the trial court did not err in denying judgment n.o.v. . . . ." *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916) (1979). It follows that the trial court did not err by charging the jury on those issues. See *Jones v. Maghdoussian*, 159 Ga. App. 839, 841 (1) (285 SE2d 267) (1981).

2. We find no merit in appellant's enumeration that appellee failed to prove the proper measure of damages under OCGA § 11-2-714. OCGA § 11-2-714 applies where a buyer claims breach of contract regarding *accepted* goods. In this case the evidence indicates that there was a rejection, a revocation of acceptance, or, alternately, a rescission of the oral agreement reached by the parties because the vehicle tendered by appellant was not in conformance with the conditions the parties had agreed upon. Thus OCGA § 11-2-714 is not applicable and appellant's other arguments, asserting various errors on theories under breach of warranty and OCGA § 11-2-714, are accordingly without merit. The trial court did not err by failing to instruct the jury on the provisions of OCGA § 11-2-714. See *Lockard v. Davis*, 169 Ga. App. 208, 210 (2) (312 SE2d 194) (1983).

3. We find no merit in appellant's contention that his motions were improperly denied because the April 6 bill of sale obtained by appellee from appellant constituted the controlling agreement between the parties. The evidence was in conflict on this issue and appellee's testimony that the March 8 oral agreement was the complete agreement and that the April 6 bill of sale was just a receipt evidencing the sale of the vehicle because there was no title to the car was sufficient to justify the jury's verdict. See *Barylak v. Jordan*, 156 Ga. App. 508, 509 (2) (274 SE2d 846) (1980). We do not find any merit in appellant's enumeration contending error in the admission of "parole" evidence in regard to the intention of the parties to the *oral* contract. OCGA § 13-2-2 (1).

4. We find no merit in appellant's contention that he was entitled to a directed verdict or to j.n.o.v. because appellee did not seek the remedy of cure under OCGA § 11-2-508. The statute grants the remedy of cure to the seller of the goods (here appellant) and there was no evidence presented that appellant seasonably notified appellee

of appellant's intention to utilize this remedy as required by the statute.

5. We find no merit in appellant's contention that there was no evidence to support the jury's award of attorney fees. The evidence at trial showed that appellee purchased the automobile because of appellant's assurances that only "a few things" needed to be done in order to get the car into satisfactory shape, and that appellant failed to carry out those repairs under the contract despite the fact he twice indicated to appellee that the repairs were completed and the car ready under the contract. See *Windham v. Winters*, 148 Ga. App. 861 (253 SE2d 247) (1979).

6. The trial court did not err by charging the jury on fraud or by failing to give appellant's requested charge on conformity with the contract. The evidence of fraud, although slight, was sufficient to justify a charge on the issue. See *Butler v. Anderson*, 163 Ga. App. 547, 548 (295 SE2d 216) (1982). And although the trial court did not use appellant's exact language on conformity in instructing the jury, a reading of the charge as a whole shows that the charge substantially covered the principle appellant was asserting. See *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 329 (9) (297 SE2d 292) (1982).

7. There is no merit to appellant's contention that the trial court erred by denying his motions for directed verdict and j.n.o.v. because appellee failed to elect his remedy. OCGA § 9-11-8 (e) (2).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1985.

*John C. Grabbe IV*, for appellant.
*Dana Garrett Diment*, for appellee.