75146. WILLIS v. FIRST NATIONAL BANK OF ATLANTA.
(365 SE2d 458)

SOGNIER, Judge.

The First National Bank of Atlanta instituted action against Larry Donald Willis to collect the accelerated balance on a VISA account. After a trial before the court without a jury, judgment was entered in favor of the bank, and Willis appeals.

The record reveals that appellant had a VISA account with appellee which was 23 months late when appellee accelerated and demanded the entire balance on May 24, 1985. On June 3, 1985, appellant mailed appellee his check for $100 along with a note in which appellant stated that $100 was all he could pay, and "[i]f this is not acceptable, proceed as you see fit." A collector in appellee's recovery department made contact with appellant in June, and informed him the bank could accept no less than $128 per month. This was acceptable to appellant and he agreed to send an additional $28 for that month and $128 each month thereafter. The evidence at trial was in conflict as to when the payments were to be made. It is undisputed, however, that $28 was received by the bank on June 21st, and another $128 was received from appellant on July 25th. However, the cycle for appellant's account had closed by July 25th, and appellee accordingly had "charged off" appellant's account from the active account system that very day. Thus, despite appellee's acceptance of the check it received on July 25th, the payment did not operate to keep appellant's account open and, claiming appellant had breached the agreement, appellee brought the instant suit.

1. Appellant contends the trial court erred by finding he breached the agreement made with appellee's collector. In this enumeration, appellant challenges the sufficiency of the evidence to support several of the trial court's findings of fact. "When a non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is 'any evidence' to support it. [Cit.]" *Wolfe v. Rhodes,* 166 Ga. App. 845, 847 (305 SE2d 606) (1983). Appellant asserts that there is no evidence to support the trial court's finding that payments were due on the 15th of the month. Our examination of the record convinces us otherwise. The evidence was conflicting on this point, with appellant insisting to the contrary, but "[t]his court considers only the sufficiency of the evidence, not its weight. [Cit.]" *Parr v. Pinson,* 182 Ga. App. 707 (1) (356 SE2d 740) (1987). The cards used by the collectors were introduced into evidence, and showed a notation that

appellant had agreed to send the next payment by July 15th. This evidence was sufficient to authorize the trial court to find that under the agreement payment was due by the 15th of the month. See *Gemini Constr. Co. v. Childs*, 182 Ga. App. 207, 208 (355 SE2d 81) (1987).

The other findings of fact objected to by appellant in this enumeration relate to the actual closing date of the account, and whether the July payment could be made by the closing date, which appellant contends was authorized by the agreement. Since we hold that the evidence authorized the trial court's finding that the agreement specified that payment was due on the 15th of the month, we need not consider these arguments. The record shows that appellant's July payment was not received by appellee until July 25th, and thus, the trial court did not err by determining that appellant had breached the agreement.

2. The remaining contentions enumerated by appellant as error concern the legal characterization of the verbal agreement between appellant and appellee after acceleration. Appellant contends the trial court erred by denominating this agreement an executory accord, instead of a "quasi new agreement" such as that discussed in *Lester v. Trust Co. of Ga.*, 144 Ga. App. 526 (241 SE2d 633) (1978). Had appellant kept the agreement, it would be important that we consider his arguments. However, because of our holding in Division 1 that the trial court was authorized to find that appellant had breached this verbal agreement, analysis of the nature of the agreement is unnecessary. In *Lester*, supra, no breach of the new agreement had occurred, and even if the arrangement appellant made with the collector is a "quasi new agreement," we do not read *Lester* as contemplating that appellant could breach it with impunity and without consequence. We therefore find no merit in appellant's remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 11, 1988 —
REHEARING DENIED JANUARY 28, 1988 — ▮▮▮▮▮

*W. Cary Herin, Jr.*, for appellant.
*M. Douglas Mann*, for appellee.