75676. STONE v. McMICHEN et al.
(367 SE2d 839)

McMURRAY, Presiding Judge.
Laurence M. Stone brought an action against John E. McMichen, Kobe Farms Beef, Inc. (Kobe Farms) and East Coast Engineering, Inc. (East Coast), seeking, in pertinent part, damages for alleged defamatory statements made by defendant McMichen. The evidence adduced at trial showed that McMichen is the president of Kobe Farms and East Coast. Kobe Farms was in business as a wholesale beef producing and processing company and East Coast is an electrical engineering company. Plaintiff began work as the general manager of Kobe Farms in September 1982. By November 1982 McMichen planned to close Kobe Farms as a result of financial difficulties. Upon receiving information that Kobe Farms was to be closed, plaintiff began planning with Hugh Bullock, another Kobe Farms employee, to open a wholesale beef business in Brunswick, Georgia. Around December 16, 1982, plaintiff ordered a shipment of Kobe Farms beef to Brunswick to be stored at "B and B Ship Chandlers" until he and Mr. Bullock "could set up [business] in Brunswick." Michael Fairman operated "B and B Ship Chandlers" and, in consideration of storing the inventory, Mr. Fairman was given some of the Kobe Farms beef.

Plaintiff led McMichen to believe that the beef was sold in Brunswick on "consignment." McMichen later discovered that Mr. Fairman had not purchased the beef on "consignment," but was " 'just doing Bullock a favor by storing it.' " McMichen later "sent a truck to Brunswick and picked up what product was left at B & B Ship Chandler[s] . . ." and filed a claim for the loss with Kobe Farms' insurance carrier.

By the end of December 1982 Kobe Farms was closed and all employees of Kobe Farms were terminated. Plaintiff was unable to open a wholesale beef business in Brunswick due to financial difficulties and, despite his efforts, plaintiff was unable to secure employment in the beef business for some time after his termination with Kobe Farms. (Plaintiff alleged that his difficulties in obtaining employment after his termination with Kobe Farms were due to defamatory statements made by McMichen regarding his character.) From

this and other evidence adduced at trial, the jury returned verdicts in favor of defendants. Plaintiff's motion for new trial was denied and this appeal followed. *Held*:

1. Plaintiff asserts the general grounds as to the jury's verdict on his action for oral defamation and points to evidence showing that defendant McMichen slandered him by imputing to others that he was a "crook," a "thief" and other such disparaging words which were calculated to injure plaintiff in his trade or profession. See OCGA § 51-5-4 (a).

Although witnesses testified that defendant McMichen uttered words to them which were disparaging to plaintiff's character, defendant McMichen testified and denied these accusations. "Where there is some evidence to support the [jury's] verdict, we will not disturb it. *Thompson v. Hill*, [143 Ga. App. 272 (4), 276 (238 SE2d 271)]." *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3) (278 SE2d 689). In the case sub judice, defendant McMichen's testimony was sufficient to create a jury question as to whether he slandered plaintiff.

2. Next, plaintiff contends the trial court erred in failing to grant his motion for new trial on the question of libel, arguing that the verdict for defendants "was contrary to law because it was unsupported by any evidence." In this regard, plaintiff points to correspondence authored by defendant McMichen and published to others, wherein defendant charged plaintiff with misappropriation of Kobe Farms beef.

" 'A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery.' Code Ann. § 105-701 [now OCGA § 51-5-1]." *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3), supra. In the case sub judice, the contents of one of the letters authored by defendant McMichen could reasonably be construed to characterize plaintiff as being guilty of the offense of theft. A charge that a person is guilty of a crime is libelous per se and requires no proof of special damages. *Georgia Power Co. v. Busbin*, 159 Ga. App. 416, 421 (7) (283 SE2d 647), reversed on other grounds at 249 Ga. 180 (289 SE2d 514). However, defendants contend that the contents of the letters were not libelous because they were not false.

"While the truth of the charge made may always be proved in justification, Code Ann. § 105-708 [now OCGA § 51-5-6], nevertheless, truthfulness is a question of fact for the jury. *Lester v. Trust Co. of Ga.*, 144 Ga. App. 526, 528 (241 SE2d 633) (1978)." *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3), supra. In the case sub judice, the evidence adduced at trial regarding the truth or falsity of the contents of the letters was sufficient to create a jury question and we will not

disturb the jury's verdict where there is some evidence to support it.

3. In his final enumeration of error, plaintiff contends the trial court erred in excluding as hearsay testimony which was offered to explain the conduct of the witnesses. In this regard, plaintiff cites two portions of the trial transcript which allegedly contain the trial court's erroneous rulings. However, an examination of these parts of the record reveals that the trial court either made no ruling as to the testimony offered or plaintiff failed to preserve the record by offering proof concerning what the excluded testimony would have revealed. See *Halm v. State*, 125 Ga. App. 618, 619 (4) (188 SE2d 434), and *Segars v. Printing Svc. Co.*, 170 Ga. App. 345, 346 (2) (317 SE2d 322). Consequently, there is nothing for this court to review on appeal.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 22, 1988 —

*L. Daniel Butler, Lawrence E. Maioriello*, for appellant.
*Michael W. Millians*, for appellees.