## A89A0345. SNIPES v. MACK.
(381 SE2d 318)

DEEN, Presiding Judge.

On March 13, 1987, appellee Frances Mack had a violent quarrel with her "boy friend," appellant Snipes, during which the latter poured or spilled beer over her head and threatened "to do something to [her] worse than death." On the morning of March 15 appellee's

neighbor telephoned her to say that a large sign, bearing the message in red letters that Frances Mack, of appellee's address, had AIDS, had been placed at the intersection of the subdivision entrance and a heavily traveled Chatham County road. About a week later a similarly worded sign was placed in a similar location, and a few days after that a third sign, bearing a similar statement but identifying Ms. Mack as a teacher, appeared across the street from the school where she was a faculty member.

Ms. Mack filed a libel action against Snipes, seeking general and punitive damages. At trial it developed that, while no witness could testify that he had actually seen Snipes either make or place the signs, there was testimony that Snipes was seen in Ms. Mack's driveway, carrying a piece of plywood approximately the size of the first sign, on the morning of March 15. There was also a sizable quantum of evidence that tended to impeach appellant's disclaimers of having made or placed the signs, and otherwise to implicate him to such an extent as to permit a rational trier of fact to (as Shakespeare's Polonius expressed it) "by indirections find directions out." Snipes moved for a directed verdict, contending that Ms. Mack had not proven that she did *not* have AIDS; the motion was denied.

After deliberating for 59 minutes the jury found for plaintiff, awarding general damages of $100,000. Snipes appeals on the general grounds, enumerating as error the trial court's denial of his motions for directed verdict and for new trial. *Held*:

Our examination of the trial transcript and the remainder of the record in this rather unusual case reveals no error in the proceedings below and no evidentiary insufficiency. The review of an appellate tribunal, of course, is confined to errors of law and the sufficiency, rather than the weight, of the evidence. *Willis v. First Nat. Bank of Atlanta*, 185 Ga. App. 648 (365 SE2d 458) (1988). We find no merit in appellant's assignment of error.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Bonzo C. Reddick*, for appellant.
*Roy L. Allen II*, for appellee.