## A90A1252. BRYAN v. WILLIAMSON.
(395 SE2d 355)

DEEN, Presiding Judge.

Appellant Bryan owned a restaurant and leased an ice machine from appellee Williamson. The lease contract was entered into on July 3, 1987, and, after ceasing to make the specified payments early in the term of the lease, Ms. Bryan was served with notice of default. In May of 1988 she sold the restaurant to Frank and Catherine Faircloth, not parties to the instant appeal. Williamson filed a complaint against Bryan and the Faircloths for $5,749.89 allegedly owing on the lease, plus $574.99 in attorney fees; he also sought post-judgment interest, costs, and other relief. The Faircloths filed a cross-claim against Ms. Bryan, alleging that she had agreed to "indemnify and hold [them] harmless . . . from . . . liabilities, claims or indebtedness . . . ." Williamson "counterclaimed" against the Faircloths, alleging a frivolous and groundless answer.

All parties subsequently dismissed their cross-claims and counterclaims, and the court directed a verdict in favor of the Faircloths. The court also directed a partial verdict against Ms. Bryan for $110 per month for ten months minus any payments made, representing damages prior to the sale of the business; the jury awarded Williamson a total of $5,780 against Ms. Bryan.

Ms. Bryan moved unsuccessfully for a new trial on the general grounds, and, on Williamson's motion, was required to post a supersedeas bond. On appeal she enumerates as error (1) the partial direction of a verdict regarding damages; (2), (4) two allegedly omitted or incorrect instructions on calculating damages; (3) the judge going to the door of the jury room to recharge the jury on damages rather than ordering the jurors brought back to the courtroom; (5) the weight of the evidence; and (6) an allegedly unauthorized verdict in excess of the amount pled in the complaint. *Held*:

1. Inasmuch as appellant was unable to produce any competent evidence — a cancelled check, a receipt, or other documentation —

that she had made certain payments on the lease of the ice machine, the court was authorized to direct a verdict on this issue. OCGA § 9-11-50. This enumeration is without merit.

2. Appellant's second and fourth enumerations are without merit inasmuch as the appropriate portions of the trial transcript clearly show that the trial court instructed the jury that the measure of damages was the present cash value of future rentals of the machine, less any savings which might accrue to the defendant, and that any payments made by Ms. Bryan were to be set off against the damages figure. In their appellate briefs counsel for both parties agree that this is the standard set forth in *Adams v. D & D Leasing Co. of Ga.*, 191 Ga. App. 121 (381 SE2d 94) (1989), and that it is the proper standard. As for the third enumeration, concerning the judge stepping to the door of the jury room rather than summoning the jurors into his presence to ensure that they had understood the partial directed verdict, the transcript shows that he was accompanied to the door by counsel for all parties, and that no objection was registered to the procedure. Appellant shows no harm ensuing from this slight departure from the procedural norm, and it is elementary that harm as well as error must be shown in order to obtain a reversal of judgment. *Kolman, Inc. v. Burns*, 191 Ga. App. 758 (382 SE2d 702) (1989). These enumerations have no merit.

3. Appellant alleges that the verdict is against the weight of the evidence. It is well settled that the appellate court assesses only the sufficiency of the evidence; its weight is for the finder of fact. *Snipes v. Mack*, 191 Ga. App. 233 (381 SE2d 318) (1989). We hold the evidence adduced to have been sufficient and therefore find no merit in the fifth enumeration.

4. The record reveals that the jury awarded plaintiff a total of $5,780, or less than the total sought in the complaint. Since, contrary to appellant's allegation, $5,749.89 was proven as owing in the lease, and the total awarded, in the face of appellee's prayer for attorney fees, interest, etc., was only some $30 more than the proven balance on the lease, we find no error in the judgment. This enumeration, also, is devoid of merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 19, 1990.

*E. Louis Adams*, for appellant.
*Michael C. Hall*, for appellee.